UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

_____

KATHLEEN WILSON, individually
and on behalf of all others similarly
situated,

        Plaintiff,

  v.

KIA MOTORS AMERICA, INC.,

        Defendant.
_____

Hon. Joseph H. Rodriguez

Civil Action No. 13-1069

OPINION

This matter comes before the Court on Defendant's Motion to Dismiss [29]. The Court has considered the written submissions of the parties.[1] For the reasons set forth below, the motion is granted.

## I.    Background

This is a proposed class action against defendant, Kia Motors America, Inc. ("KMA"). Plaintiff, individually and on behalf of all others similarly situated, filed an Amended Complaint alleging two violations of the New Jersey Truth-in-Consumer Contract, Warranty, and Notice Act ("TCCWNA"), N.J.S.A. 56:12-15 (1981).[2] Plaintiff

---

[1] On July 15, 2014, the Court heard oral argument on Defendant's motion to dismiss the original complaint. The original complaint contains the same allegation contained in Count I: a violation of the TCCWNA predicated upon KMA's certified mail notice requirement. During oral argument, Plaintiff also argued that the language of the notice contradicted the mandatory "statement to consumer" language of N.J.A.C. 13:45A-26.3. The Amended Complaint added Count II, which consummates that argument. Given that the issues discussed at the July 15, 2014 hearing are relevant to the present motion, the Court incorporates the record of that hearing.

[2] The Original Complaint was transferred to the United States District Court for the Central District of California. (Civil Docket Case #1:13-cv-01069-JHR-KMW Entry #5.) Count I of the Complaint was separated from the Complaint and remanded from the Central District of California to this Court. Counts II and III of the Complaint remain under the jurisdiction of the Central District of California. (Civil Docket Case #1:13-cv-01069-JHR-KMW Entry #8.) On August 22, 2014, Plaintiff filed the Amended Complaint, which added the claim for KMA's failure to use the exact, word for word, language of the New Jersey Division of Consumer Affairs, codified as N.J.A.C. 13A:45-26.3, in its Lemon Law disclosure.

1

claims that KMA's Lemon Law disclosure violates the TCCWNA because it requires a consumer to notify KMA of an alleged defect by "certified" mail and because it does not state verbatim the Lemon Law disclosure developed by the New Jersey Division of Consumer Affairs ("DCA") and codified as N.J.A.C. 13:45A-26.3.

On or about May 16, 2012, Plaintiff purchased a vehicle from KMA. (Am. Compl. ¶ 16.) At the time of purchase, Plaintiff was issued a warranty notice informing Plaintiff of her protection under New Jersey's Lemon Law. (Id. at ¶ 44.) Plaintiff claims that the warranty misstates the Lemon Law and therefore violates the TCCWNA. (Id. at ¶¶ 48-50.) The warranty states that to seek remedies under the Lemon Law, the consumer must (1) notify KMA by certified mail of the problem and (2) give KMA an opportunity to repair the problem. (Id. at ¶¶ 96-103.) Plaintiff claims that the requirement that KMA be notified by certified mail is not required by statute, and violates a legal right of the consumer to file suit without sending such a letter or making arrangements for repair attempts. In addition, Plaintiff claims that the notice provided by KMA fails to use the prescribed language of N.J.A.C. 13A:45-26.3 and therefore violates the TCCWNA. For these reasons, Plaintiff alleges two violations of the TCCWNA. (Id.)

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808,

812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility" when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations... are given no presumption of truthfulness." Wyeth v. Ranbaxy, Ltd., 423 F.3d 347, 351 (3d Cir. 2005). ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are not more than conclusions are not entitled to the assumption of truth).

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.    Analysis

Plaintiff's Amended Complaint fails to state a claim under the TCCWNA. Fed. R. Civ. P. 12(b)(6). KMA's certified mail reporting requirement is not a violation of a clearly established right under the TCCWNA and Plaintiff fails to demonstrate that she is entitled to relief.  In addition, the Court finds Plaintiff's claims in Count II are not cognizable under the TCCWNA because Plaintiff has not demonstrated a violation of a clearly established right and has not plead sufficient facts to demonstrate that she has incurred an ascertainable loss.  As a result, the motion to dismiss is granted.

### A. Count I

In Count I, Plaintiff contends that KMA's requirement that a certified letter be sent to KMA is a violation of the TCCWNA, which states, in relevant part:

> No seller... shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign... which includes any provision that violates any clearly established legal right of a consumer... as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

N.J.S.A. 56:12-15. Plaintiff claims that KMA's notice violates New Jersey's Lemon Law, which states, in relevant part: "If a consumer reports a nonconformity in a motor vehicle to the manufacturer..., the manufacturer... shall make..., within a reasonable time, all repairs necessary to correct the nonconformity." N.J.S.A. 56:12-31 (1988). In order to bring a Lemon Law claim, there must be a "report" of the alleged nonconformity. Although the statute does not specify a requisite method of reporting the alleged

nonconformity, "[a] simple and reliable way to 'report' a problem… is to send a letter via certified mail." Gordon v. Mazda Motor Corp., No. 13-CV-3142, 2014 WL 197821, *3 (D.N.J. Jan. 13, 2014); Gillette v. Toyota Motor Sales, U.S.A., Inc., No. 13-CV-3191, 2013 WL 5944096, *6 (D.N.J. Nov. 7, 2013). Since the requirement that the alleged nonconformity be reported is specified within the statute, KMA simply clarified a pre-existing requirement by requiring that Defendant be notified by certified mail of the problem. KMA has not imposed an additional requirement by requiring the certified letter. See Gordon, 2014 WL 197821 at *3; Gillette, 2013 WL 5944096 at *6.

"While it is true that the statute does not require written notice by certified mail prior to filing a complaint…, the notice does not violate [a] clearly established right." Gordon, 2014 WL at *6-7. There is no provision in the Lemon Law or in the TCCWNA that prohibits imposing a requirement that the report be made by certified mail. Further, even if there is a violation of the TCCWNA, the violation is ambiguously drawn and not clearly in violation of the TCCWNA. As provided in McGarvey v. Penske Auto Group, Inc., "clearly established legal right" does not cover actions where the violation of the right is "unclear." McGravey v. Penske Auto Group, Inc., 486 Fed. Appx. 276, 282 (3d Cir. 2012). As succinctly stated by the district courts in Gordon and Gilette, requiring certified mail benefits the consumer and "opens all of the consumer's avenues to relief" and does not establish a violation of a "clearly established legal right." Gordon, 2014 WL 197821 at *3; Gillette, 2013 WL 5944096 at *6.

Moreover, Plaintiff does not allege that she intended to enforce her Lemon Law rights, that she was dissuaded from doing so because of the certified letter requirement, or even that she read the disclosure of her Lemon Law rights. Accordingly, Plaintiff has not pled facts that "permit the court to infer more than the mere possibility of

5

misconduct" and has thus not shown that Plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Defendant's Motion to Dismiss is granted as to this Count I.

### B. Count II

In Count II, Plaintiff complains that KMA's Lemon Law disclosure violates the consumer's clearly established rights because the disclosure contains language different from that prescribed by the DCA as set forth in N.J.A.C. 13:45A-26.3. By statute, motor vehicle manufacturers and dealers are required to provide consumers with statement of their rights under the Lemon Law at the time of sale or lease. See N.J.S.A. 56:12-34. The statute provides in relevant part:

> At the time of purchase in the State of New Jersey, the manufacturer, or, in the case of an authorized emergency vehicle, the manufacturer, co-manufacturer, or post-manufacturing modifier, through its dealer or distributor, or at the time of lease in the State of New Jersey, the lessor, <u>shall</u> provide directly to the consumer a written statement <u>prescribed by the director</u>, presented in a conspicuous and understandable manner on a separate piece of paper and printed in both the English and Spanish languages, which provides information concerning a consumer's rights and remedies under P.L.1988, c. 123 (C.56:12-29 et seq.), and shall include, but not be limited to, a summary of the provisions of:
> (1) section 3 of P.L.1988, c. 123 (C.56:12-31), concerning the miles of operation of a motor vehicle and time period within which the consumer may report a nonconformity and seek remedies;
> (2) sections 4 and 5 of P.L.1988, c. 123 (C.56:12-32 and 56:12-33), concerning a manufacturer's, co-manufacturer's, or post-manufacturing modifier's obligations to a consumer based upon the manufacturer's, co-manufacturer's, or post-manufacturing modifier's, or its dealer's or distributor's, inability to repair or correct a nonconformity; and
> (3) any other provisions of P.L.1988, c. 123 (C.56:12-29 et seq.) the director deems appropriate.

N.J.S.A. 56:12-34 (emphasis added).

Although KMA's notice is substantively similar, it does not use the precise language of N.J.A.C. 13:45A-26.3, which Plaintiff contends is a per se violation of the TCCWNA. Plaintiff attempts to support this claim by riding the coattails of The New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8–1 to –20 et. seq. Specifically, Plaintiff claims that a violation of a "clearly established right" under the CFA constitutes a violation of a "clearly established right" under the TCCWNA. Under the CFA, KMA's failure to provide the correct notice is a per se violation.

There is some precedent for Plaintiff's argument. "New Jersey courts have held that a CFA violation constitutes a violation of a "clearly established legal right" for TCCWNA purposes." Martina v. LA Fitness Int'l, LLC, No. Civ. 12-2063, 2012 WL 3822093 (D.N.J. Sept. 4, 2012) (citing Dugan v. TGI Friday's, Inc., No. L–0126–10, 2011 WL 5041391, at *8 (N.J. Super. Ct. App. Div. Oct. 25, 2011) ("We conclude that Dugan has alleged sufficient facts to establish that the offer violated the CFA. Those allegations are therefore sufficient facts to establish a potential violation of the TCCWNA."); Bosland v. Warnock Dodge, Inc., 396 N.J.Super. 267, 933 A.2d 942, 949 (N.J.Super.Ct.App.Div.2007) ("a consumer contract that violates a clearly established legal right under the CFA regulations is also a violation of the TCCWNA").

Because Plaintiff fails to plead a cognizable claim under the CFA, her argument fails. To state a cognizable claim under the CFA claim, the consumer must allege "(1) an unlawful practice, (2) an 'ascertainable loss,' and (3) 'a causal relationship between the unlawful conduct and the ascertainable loss.'" Gonzalez v. Wilshire Credit Corp., 207 N.J. 557, 25 A.3d 1103, 1115 (N.J. Sup. Ct. 2011) (quoting Lee v. Carter–Reed Co., 203 N.J. 496, 4 A.3d 561 (N.J. Sup. Ct. 2010)). Here, Plaintiff has not plead an ascertainable

7

loss. Plaintiff does not allege that she was foreclosed from enforcing her Lemon Law rights or that she incurred a loss of money or property.

Under the CFA, Plaintiff, as a private party, must allege facts which demonstrate that "she has suffered an ascertainable loss of money or property in order to bring a cause of action under the Act." Weinberg v. Sprint Corp., 173 N.J. 233, 250 (2001). It is not enough to plead perfunctory or speculative loss. Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 252 (2005) ("[S]ubjective assertions without more are insufficient to satisfy the requirement of an ascertainable loss that is expressly necessary for access to the CFA remedies[.]"). Plaintiff's claim of a per se violation under the CFA is permitted only by the Attorney General. Id. at 246. The New Jersey Supreme Court expressly held that "in contrast to the Attorney General, a private plaintiff must have an ascertainable loss in order to bring an action under the Act." Weinberg, 173 N.J. at 250 (citing Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 473 (1988) (citing Daaleman v. Elizabethtown Gas Co., 77 N.J. 267, 271 (1978) (interpreting N.J.S.A. 56:8–19 as allowing private party to bring action if he or she "suffers a loss due to a method, act[,] or practice declared unlawful under the [A]ct, to sue and recover threefold the damages sustained, together with reasonable attorney's fees and costs of suit"), and Ramanadham v. New Jersey Mfrs. Ins. Co., 188 N.J. Super. 30, 33 (App. Div. 1982) (holding that Act requires causal relationship between ascertainable loss and unlawful practice and remanding case for new trial to establish "the extent of any ascertainable loss, particularly proximate to a misrepresentation or other unlawful act of the defendant condemned by the Consumer Fraud Act")).

In a private party action, the loss requirement is essential.  "The limiting nature of the requirement allows a private cause of action only to those who can demonstrate a loss attributable to conduct made unlawful by the CFA." Thiedemann, 183 N.J. at 246. Plaintiff here pleads no such loss and her claim fails as a matter of law.  As a result, Plaintiff cannot establish a violation of a "clearly established legal right" under the CFA and therefore cannot, by proxy, establish a violation of the TCCWNA.  Defendant's motion to dismiss Count II is granted.[3]

### IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted because Defendant did not impose an additional obligation on Plaintiff by requiring a certified letter be sent to report a problem and because Plaintiff has not plead a violation of a "clearly established legal right" under the TCCWNA.

An appropriate Order shall issue.

Dated: June 25, 2015

                                                  s/ Joseph H. Rodriguez
                                                  Hon. Joseph H. Rodriguez,
                                                  UNITED STATES DISTRICT JUDGE

---

[3] In light of the Court's ruling, the Court will not address Defendant's other arguments in favor of dismissal.